IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THEODORE THOMAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-2573-P |
| | § | |
| GREYHOUND BUS COMPANY, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Theodore Thomas against Greyhound Bus Company, a security guard, and two customer service clerks. On December 17, 2010, plaintiff tendered a three-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on February 8, 2011. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

As best the court can decipher his pleadings, plaintiff appears to allege that he was violently attacked and "manhandled" by a security guard at the Greyhound Bus Station in downtown Dallas on December 16, 2008. (*See* Plf. Compl. at 2; Mag. J. Interrog. #1). Plaintiff was taken to the customer service office, where he was handcuffed, searched, threatened, and humiliated by Greyhound employees until the police arrived on the scene. (*See* Plf. Compl. at 2-3; Mag. J. Interrog. #1, 5). Although plaintiff claims he did nothing wrong, he was barred from returning to the bus station. (*See* Plf. Compl. at 3). By this suit, plaintiff seeks $200,000 in damages and an order requiring Greyhound "to reorganize and change how they treat blacks and other minorities at this location." (*See* Mag. J. Interrog. #2).

III.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff has failed to allege a cognizable claim arising under federal law. In his complaint and interrogatory answers, plaintiff attempts to assert a civil rights claim against Greyhound and its employees under 42 U.S.C. § 1983. However, only "state actors" may be sued for federal civil rights violations. Private citizens, like defendants, become "state actors" only when their conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744,

2753, 73 L.Ed.2d 482 (1982); *see also Bass v. Parkwood Hospital,* 180 F.3d 234, 241 (5th Cir. 1999). Plaintiff does not allege that the Greyhound security guard and two customer service clerks restrained or injured him on orders from a law enforcement officer or other state actor. Nor does plaintiff allege that the security guard was an off-duty police officer acting on behalf of the state. *See Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 748-49 (5th Cir. 2001). On these facts, the court is unable to conclude that the conduct of defendants is "fairly attributable to the State." *See Bass*, 180 F.3d at 243 (noting that "citizen's arrest" does not give rise to liability under section 1983); *Thurman v. Lonestar Park at Grand Prairie*, No. 3-01-CV-1171-M, 2001 WL 984870 at *1 (N.D. Tex. Aug. 15, 2001) (dismissing as frivolous *pro se* civil rights action against private company and security guards who detained plaintiff for criminal trespass and "verbally abused" him before police arrived).[1]

Nor is there any basis for federal diversity jurisdiction. It is apparent from the face of the complaint and interrogatory answers that plaintiff and at least three defendants -- the security guard and two customer service clerks -- are citizens of Texas. (*See* Mag. J. Interrog. #1). Thus, there is not complete diversity between the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-03, 57 L.Ed.2d 274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.

---

[1] To the extent plaintiff intends to sue an unnamed Dallas police officer for threatening to arrest him if he did not "shut up," (*see* Plf. Compl. at 2), any such claim would be patently frivolous. Allegations of verbal abuse, standing alone, do not rise to the level of a constitutional violation and may not serve as the basis for a section 1983 claim. *See Randolph v. London*, No. 10-30074, 2010 WL 4369802 at *1 (5th Cir. Nov. 3, 2010) (citing cases).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 22, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE